# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| POWAY UNIFIED SCHOOL DISTRICT, | CASE NO. 07CV1060 WQH (POR) |
|---|---|
| Plaintiff, | **ORDER REMANDING ACTION TO STATE COURT** |
| vs. | |
| LINDSEY STEWART, | |
| Defendant. | |

HAYES, Judge.

Pending before the Court is Plaintiff's motion to remand to state court. (Doc. # 9). The Court finds this matter suitable for submission on the papers without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## BACKGROUND

On June 6, 2006, Plaintiff Poway Unified School District obtained a judgment against Defendant Lindsey Stewart in the amount of $3,091.25 for unpaid attorneys fees awarded to Plaintiff in an administrative proceeding. (Doc. # 3). Despite Plaintiff's numerous attempts to procure payment, Defendant did not pay Plaintiff. On January 4, 2007, a California superior court issued a bench warrant of attachment against Defendant after Defendant failed to appear for the second time at a court-ordered debtor's examination. (Doc. # 1 at 47).

Following entry of judgment in favor of the Plaintiff, Defendant filed two appeals in the California Court of Appeals. In the first appeal, the California Court of Appeals affirmed the superior court's judgment enforcing the administrative order. (Doc. # 9-4, Ex. E). Defendant's

second appeal arose out of the superior court's issuance of the bench warrant of attachment, and it is this second appeal that is the subject of Defendant's June 11, 2007 notice of removal. (Doc. #1).

On May 8, 2007, Plaintiff served Defendant with its opposition to Defendant's motion to consolidate the second appeal. (Doc. # 1 at 2, 108).[1] On June 11, 2007, Defendant filed a notice of removal in this Court on the grounds that the Plaintiff's opposition to Defendant's motion to consolidate raised a federal question. (Doc. # 1 at 3).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If a complaint is not removable at the time of filing, a defendant may file a notice of removal within thirty days after receipt of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The party seeking removal bears the burden of establishing federal jurisdiction. *See Brady v. General Dynamics Corp.*, 915 F. Supp. 1103, 1105 (S.D. Cal. 1996) (citing *Redwood Theatres v. Festival Enters.*, 908 F.2d 277, 479 (9th Cir. 1990)). Courts strictly construe 28 U.S.C. § 1441(a) against removal. *Id.* If a court determines that removal was improper, 28 U.S.C. § 1447(c) requires remand. *Id.*

## DISCUSSION

On June 11, 2007, Defendant filed her notice of removal on the grounds that Plaintiff's opposition to Defendant's motion to consolidate the state court of appeal action, served on May 8, 2007, raised a federal question. Defendant contends that her notice of removal was timely within the meaning of 28 U.S.C. § 1446(b) and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b).

---

[1] Although it is unclear from the record when Defendant was actually served with District's Opposition, there is no evidence of service after May 8, 2007.

### A. Whether the Notice of Removal was Timely Filed

In order for a removal to be timely, a notice of removal must be filed within thirty days of receipt by the defendant of the complaint or some other amended pleading, motion or other paper in which it can be ascertained that the matter is removable. 28 U.S.C. § 1446(b). In calculating the thirty days, Federal Rule of Civil Procedure 6(a) requires that intermediate Saturdays, Sundays, and legal holidays be included in the computation. FED. R. CIV. P. 6(a). "The time limitations in Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6." *Owens v. General Dynamics Corp.*, 686 F. Supp. 827, 829 (S.D. Cal. 1988). Here, Defendant states that she received Plaintiff's Opposition to her motion to consolidate on May 8, 2007. Accordingly, and allowing for the thirty days which § 1446(b) requires, Defendant had to file the notice of removal on or before Thursday, June 7, 2007.

Defendant filed her notice of removal on June 11, 2007–four days after the June 7, 2007, deadline. Accordingly, the Court concludes that the notice of removal was untimely.

### B. Subject Matter Jurisdiction

In addition to the notice of removal being untimely, the Court finds that there are no grounds for subject matter jurisdiction. Defendant contends that the action is removable because the bench warrant of attachment was obtained while she was exercising her First Amendment right to speak with her friend, and thus Defendant contends that there is federal question jurisdiction. (Doc. # 1 at 3-4). However, in construing what constitutes a federal question, the Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (citing *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983)). The federal element must be "direct and essential" to the claim, as opposed to "incidental" or "attenuated." *Berg v. Leason*, 32 F.3d 422, 424 (9th Cir.

1994).  Here, the underlying state action is an action to enforce and collect on a state court judgment for failure to appear at a debtor's examination, and the Court concludes that the underlying action does not include a federal issue.  Furthermore, even assuming the underlying action implicated Defendant's First Amendment rights, the constitutional issue arises only as a defense to enforcement of the state bench warrant, and therefore it would not permit removal as noted above.

## CONCLUSION

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to remand (Doc. # 9) is GRANTED.

(2) This case is remanded to state court.

(3) All other pending motions in this case (Docs. # 2, 3, 5) are DENIED as moot.

 The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED**.

DATED:  October 17, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge